UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BERNARDO CUETO,                                        09CV1514 (KAM) (ALC)

        Plaintiff,
                                                       REPORT AND
                                                       RECOMMENDATION


STATE OF NEW YORK., et al.,

        Defendants.
-----------------------------------------------------X

**CARTER, United States Magistrate Judge**:


        The above-referenced action was referred to me for a Report and Recommendation on

Defendant's motion to dismiss the complaint.  Based on the submissions of the parties, and for

the reasons below, I recommend granting Defendant's motion.


                              BACKGROUND


        On April 1, 2009, pro se plaintiff Bernardo Cueto ("Plaintiff" or "Cueto") filed a

complaint ("Complaint") in this Court challenging the constitutionality of Jenna's Law, enacted

by the State of New York ("Defendant" or the "State") in 1998.   Jenna's Law, codified at N.Y.

Penal Law § 70.45, requires certain violent offenders to be subject to a period of post-release

supervision ("PRS") following incarceration.   In accordance with Jenna's Law, Cueto was

sentenced to an eight year determinate sentence followed by a five year term of PRS after he

pleaded guilty to a charge of criminal sale of a controlled substance in the second degree, a Class

A-II felony.[1]

---

[1] Cueto was also charged with (and pleaded guilty to) criminal sale of a firearm, but that conviction is not
implicated herein.

In invoking 42 U.S.C. § 1983 of the Civil Rights Act of 1871 as the basis of federal jurisdiction, Cueto challenges the imposition of PRS on various grounds, including that he was not told of the existence or effect of Jenna's Law at sentencing; that it constitutes double jeopardy in violation of the Fifth Amendment to the Constitution; that it violates the Eighth Amendment's prohibition of cruel and unusual punishment; that it violates both the right to due process and the equal protection clause; that it constitutes a bill of attainder; and, by delegating a judicial function to a non-judicial officer, it violates the separation of powers doctrine. The State[2] moved to dismiss.

At the time he filed the Complaint, Plaintiff was incarcerated at the Bare Hill Correctional Facility in Malone, New York. On or about December 23, 2009, he wrote to the Court to provide an updated address. He indicated that he was transferred to the Lincoln Correction Facility, a minimum security work-release program in Manhattan. At the time, Plaintiff was still serving his eight year determinate sentence. His transfer nevertheless enabled him to attend subsequent court conferences in person. However, beginning in August 2010, Plaintiff has failed to appear or take any action in furtherance of this case whatsoever, including failing to respond to the State's motion to dismiss. Accordingly, I treat it as unopposed.

---

[2] The Complaint names "The State of New York et al." as defendants but does not delineate to whom "et al." refers. The only mention of other potential defendants is in paragraph 4, where Plaintiff states: "On August 6, 1998, The People of the State of N.Y., Represented in Senate & Assembly & By The Governor, The Defendants herein, Enacted . . . Jenna's Law." To the extent that Plaintiff is attempting to name an individual defendant, I will construe reference to that defendant as being in his or her official capacity, *i.e.*, by way of enacting Jenna's Law, and refer to all defendants as the "State."

<u>DISCUSSION</u>

In assessing a complaint under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the light most favorable to the non-moving party.  <u>See</u> <u>Cleveland v. Caplaw Enter.</u>, 448 F.3d 518, 521 (2d Cir. 2006); <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir. 1994).  The Court is generally limited to reviewing the four corners of the complaint and any documents attached or incorporated by reference thereto, or of which judicial notice may be taken.  <u>See</u>, <u>e.g.</u>, <u>ATSI Comm., Inc. v. Shaar Fund Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007); <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007).  While the Court must be mindful of the "liberal pleading standards permitted in <u>pro se</u> complaints" <u>Moorish Sci. Temple of Amer., Inc. v. Smith</u>, 693 F.2d 987, 989 (2d Cir.1982),  it "need not argue a <u>pro se</u> litigant's case nor create a case for the <u>pro se</u> which does not exist."  <u>Molina v. New York</u>, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).


A.  *Plaintiff's Challenge to His Conviction Cannot be Brought Pursuant to Section 1983*

By disputing the constitutionality of Jenna's Law and his sentencing under that law, and by alleging he was not informed at sentencing about the mandatory period of PRS, Plaintiff is essentially seeking a federal remedy that is properly obtained by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  "[T]he writ of habeas corpus [is] a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to a conviction by a court of competent jurisdiction."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93 S.Ct. 1827, 1834 (1973).  The writ is available even after the prisoner is released, so long as with the conviction came some collateral consequence, such as

denial of citizenship, increased sentences in the event of future convictions, or the loss of civil rights that would otherwise not apply to him or her. See, e.g., Sibron v. New York, 392 U.S. 40, 51, 88 S.Ct. 1889, 1896 (1968) ("The mere release of the prisoner does not mechanically foreclose consideration of the merits."); Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002) (considering petitioner's claim after his deportation but denying it on the merits because his prior record carried collateral consequences that included those of the challenged conviction). It is also available as a method of attacking confinement for a particular sentence that has yet to commence. See, e.g., Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549 (1968) (holding that a prisoner serving two concurrent sentences may challenge the upcoming consecutive sentence prior to its inception). Therefore, Plaintiff's claim is neither moot nor unripe based on his temporary release or the lack of commencement of his term of PRS.

In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. at 1841; see also Heck v. Humphrey, 512 U.S. 477, 486-7 (1994). Following this guidance, the court in Molina v. New York, 956 F. Supp. 257 (E.D.N.Y. 1995), dismissed a complaint similar to Cueto's in that the pro se plaintiff alleged § 1983 violations and a RICO conspiracy involving a scheme by former Governor Mario Cuomo and related state officials to unconstitutionally secure criminal convictions. See id. at 260 ("Section 1983 and RICO are improper mechanisms for the relief [plaintiff] seeks."); see also Cook v. City of New York, 607 F. Supp. 702 (S.D.N.Y. 1985) (declining to construe complaint as a petition for a writ of habeas corpus because the petition would be unreviewable for failure to exhaust state remedies). For these reasons, I recommend

4

dismissing the Complaint, without prejudice, in order to permit Plaintiff to exhaust his state remedies and file a proper petition pursuant to 28 U.S.C. § 2254. See Carter v. Newburgh Police Dep't, 523 F. Supp 16, 18-20 (S.D.N.Y. 1980) (distinguishing § 1983 claims surrounding pro se plaintiff's conviction from those claims surrounding his conditions of confinement and dismissing the former without prejudice).

B.  *Sovereign Immunity*

To the extent any of Plaintiff's § 1983 claims survive, they are nevertheless barred by the Eleventh Amendment to the Constitution.  Under that Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This provision has been read to also bar suits against a state by one of its own citizens.  See Papasan w. Allain, 478 U.S. 265, 276 (1986). The Eleventh Amendment bars actions against the states whether the relief sought is legal or equitable, and applies to actions brought pursuant to 42 U.S.C. § 1983.  Papasan, 478 U.S. at 276; Kentucky v. Graham, 473 U.S. 159, 169 (1985); Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990) ("Although Congress is empowered. . . to override Eleventh Amendment immunity and to enforce by appropriate legislation the substantive provisions of the Fourteenth Amendment, which themselves embody significant limitations on state authority. . . it is well settled that 42 U.S.C. § 1983 does not constitute an exercise of that authority.") (citations

omitted).  Therefore, I recommend dismissing any remaining § 1983 claims brought by Plaintiff against the State of New York or its officials.[3]

CONCLUSION

For the foregoing reasons, I recommend dismissing the Complaint without prejudice to Plaintiff's maintaining a future action for a federal writ of habeas corpus after exhausting his state remedies.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation.  Such objections shall be filed on ECF and shall be directed to the assigned District Judge.  Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED.**

DATED:  August 26, 2011                             /s_____
        Brooklyn, New York               Andrew L. Carter, Jr., U.S.M.J.

---

[3] Because "a suit against a state official in his or her official capacity is not a suit against the official but against the official's office," sovereign immunity also applies to bar this action as against the individual defendants.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (finding no reason to treat official-capacity state actors differently than states, "when such a rule would allow [a plaintiff] to circum vent congressional intent by a mere pleading device.")